BLUE, Judge.
Daisy Akiboh appeals an adverse summary judgment in her declaratory action that sought to establish coverage under her health maintenance organization (HMO) policy with The Prudential Insurance Company of America. We reject AMboh’s claim that the policy’s coordination of benefits provision negates her obligation to comply with the policy’s terms and conditions. Nevertheless, we reverse the summary judgment because a question remains on the issue of coverage for emergency treatment.
Akiboh incurred medical expenses as a result of an accident. A separate automobile insurance policy paid 80 percent of her medical expenses and Akiboh sought reimbursement from the HMO for the remaining 20 percent. The trial court entered summary judgment against Akiboh because she admitted that she failed to comply with certain conditions of her HMO policy requiring that treatment must be either provided or approved by a participating physician. We agree with the trial court that no coverage exists for treatment that does not comply with the terms of the policy.
This conclusion, however, does not entirely dispose of Akiboh’s claim because the record reveals that some of the expenses may have been incurred for emergency treatment. Section 641.31(12), Florida Statutes (Supp. ■ 1988), requires an HMO to cover emergency services that were provided “without prior notification to and approval of the organization.” Akiboh’s policy with Prudential contains a provision covering such emergency treatment. Accordingly, we hold that a question remains as to whether Akiboh has a valid claim for coverage of emergency treatment.
We, therefore, reverse the summary judgment insofar as it held that Akiboh is not entitled to any benefits. We remand for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., and QUINCE, J., concur.